**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

     **v.**　　　　　　　　　　　　　　　　**Criminal Action No. 2:08CR12**
**MAXIMO LOPEZ-BAUTISTA,**
     **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Maximo Lopez-Bautista, in person and by counsel, Brian J. Kornbrath, appeared before me on July 21, 2008. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney. Also came Ezeqiel Ortiz, a certified Spanish language court and conference interpreter/translator. Thereupon, the clerk administered the interpreter/translator oath to Mr. Ortiz.

Thereupon, the Court proceeded with the Rule 11 hearing by having Defendant sworn, and inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and

voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Maximo Lopez-Bautista, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by inquiring what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. During her summarization, the Assistant United States Attorney noted that there had been an amendment to the written plea agreement to correct an error in paragraph 2. That paragraph had misstated the statutory maximum sentence as ten (10) years, when it should have read two (2) years. Both counsel and Defendant had initialed the amendment to reflect the correction. Defendant stated that the Government's summary of the Plea Agreement as amended was correct. The Court ORDERED the written amended Plea Agreement filed. Defendant also stated he had reviewed the plea agreement with L. Richard Walker, his counsel, in Spanish and with the Spanish speaking court interpreter translator prior to signing it.

Defendant thereafter stated in open court he understood and agreed with the terms of the amended written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then inquired of Defendant regarding his understanding of the amended written plea agreement. Defendant stated he understood the terms of the amended written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the amended written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the one-count Information, the undersigned Magistrate Judge would write the subject Order, but only the District Court could adjudicate the Defendant guilty of the felony offense contained in the one-count Information and make a determination as to whether to accept or reject any recommendation contained within the plea agreement . The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the amended written agreement.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than two (2) years; understood that a fine of not more than $250,000.00 could be imposed; and understood that both imprisonment and fine could be imposed. Defendant also understood the Court would normally impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing, but that the plea agreement in this case contains a non-binding recommendation that the United States will move for the remission of the special assessment, "due to the likelihood of immediate deportation."

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with illegal re-entry into the United States by a deported illegal alien, in violation of Title 8, United States Code, Section 1326(a).

The Court then heard the testimony of I.C.E. Special Agent Olcott, who testified he was involved in the investigation of Defendant in April 2008. Defendant had been arrested by local or State police in Hardy County, West Virginia, on or about April 21, 2008. He was brought to the I.C.E. office, where he was fingerprinted. Defendant had given his name as Francisco Fernandez Rojas, but his fingerprints came back as Maximo-Lopez Bautista, a person who had been previously removed from the United States. The report from Immigration Services confirmed that Defendant was an illegal alien who had previously been removed from the United States in April 1998. Immigration Services further determined that Defendant had not obtained the express consent of the Attorney General to re-enter the United States. Defendant was interviewed and provided a sworn statement that he had entered the United States on or about June 15, 2004, in Nogales, Arizona.

The defendant stated he had heard, understood, and agreed with Special Agent Olcott's testimony. Thereupon, Defendant, Maximo Lopez-Bautista, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

The undersigned United States Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and

understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant is aware that it is a District Judge who will adjudicate him and sentence him; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Olcott.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the one-count Information and recommends he be adjudged guilty on said charge as contained in the one-count Information and have sentence imposed accordingly. The undersigned does not direct a presentence investigation report be prepared at this time, as the parties have already obtained an expedited pre-sentence report and it is the Court's understanding that Defendant would proceed directly to a sentencing hearing before a District Judge.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: July 21, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE